[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 27, 2007
THOMAS K. KAHN
CLERK

No. 06-14986
Non-Argument Calendar

D. C. Docket No. 04-01328-CV-J-16-MCR

DANA RIPLEY,

Plaintiff-Appellant,

versus

LAKE CITY,
et. al.,

Defendants,

R. B. CHARLES, Captain,
JOHN DUBOSE, Lt.,
CITY OF LAKE CITY, FLORIDA,
a Florida municipal corporation,

Defendants-Appellees.

Appeal from the United States District Court
for the Middle District of Florida

**(February 27, 2007)**

Before TJOFLAT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

This case involves the warrantless search of the residence of an officer of the Lake City Police Department ("LCPD"), Dana Ripley, on January 25, 2002. The district court, in its order of August 2, 2006, described the circumstances leading to the search thusly:

> Mr. Ripley was off-duty on January 25, 2002. Neighbors had placed calls to the police stating that a man dressed in long underwear with no shoes was wandering into traffic. Another citizen reported that Mr. Ripley was making incoherent statements. Mr. Ripley was found, at a location near his residence, disoriented. When the LCPD arrived, they found Mr. Ripley hiding behind a female believing that he was investigating a robbery. When officers placed Mr. Ripley in a police car, he made statements like "There they are. Go get them." Medical personnel were called to the scene and tended to Mr. Ripley. Prior to being transported to the hospital, Sgt. Siva . . . asked Mr. Ripley if his house was secure to which he responded "You cannot go into my house without a warrant."
>
> Sgt. Sova instructed Officer Gable to see if the house was secure. Gable found the front door open, reported this to Sgt. Sova who then reported this to Capt Charles, who was not at the scene. Capt Charles instructed the officers at the scene to get the department issued equipment from the house. Sgt. Sova, Officer Gable and Lt. DuBose, who had arrived on the scene, entered [Ripley's] house. They secured guns and other police related items. The bathtub was found to be overflowing and they turned the water off. Lt. DuBose found several empty pill bottles in a trash can, which he gathered, allegedly to show medical personnel since he was aware of Ripley's reliance on prescription drugs. Ripley was treated at the hospital and released that evening, being driven home by Lt. Dubose. [Ripley] was placed on administrative leave with pay during which time he was in a rehabilitation center for the purpose of withdrawing from prescription medications. . . . On March 4, 2002, [he] submitted his letter of

2

resignation [from the LCPD].

Ripley thereafter brought this suit against Lake City, Captain Charles and Lt. DuBose in their official and individual capacities. The district court, in its August 2, order, granted Charles and DuBose summary judgment, concluding that they were entitled to qualified immunity. In the same order, the court denied the City's motion for summary judgment. The case against the City was thereafter tried to a jury. At the close of the plaintiff's case, the court granted the City's motion for judgment as a matter of law.

Ripley now appeals the court's judgments. We find no error in the court's summary disposition of the case against Charles and DuBose; they were entitled to qualified immunity for the reasons stated in the court's August 2, 2006 order. We likewise find no error in the court's exoneration of the City on motion for judgment as a matter of law. As the court observed from the bench in granting the motion, the search was not unreasonable because "there were exceptional circumstances, exigencies . . . [t]hey did this to protect Mr. Ripley and to protect others from his disoriented behavior. . . . They didn't take anything from the house except department equipment and the empty medical pill bottles [to show the physicians at the hospital]."

**AFFIRMED.**